# IN THE SIXTH CIRCUIT
# COURT OF APPEALS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 22-3279 |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| -vs- | ) | **MOTION TO WITHDRAW** |
| | ) | **AS COUNSEL AND** |
| JOSHUA GLOWACKI, | ) | **MOTION TO CONTINUE** |
| Defendant-Appellant. | ) | **BRIEFING SCHEDULE.** |
| | ) | |

Now comes undersigned counsel, Eric C. Nemecek, of the law firm of Friedman & Nemecek, L.L.C., and hereby respectfully moves this Honorable Court to grant the instant Motion and permit counsel to withdraw from further representation of the Defendant-Appellant, Joshua Glowacki, in connection with the above-captioned matter. Counsel further requests that an attorney be appointed to represent Mr. Glowacki and that the current briefing schedule be continued so as to allow new counsel sufficient time to prepare and file his Brief. The undersigned so moves pursuant to Rule 12 of the Sixth Circuit Rules of Appellate Procedure. Reasons for this Motion are set forth in the accompanying Memorandum in Support, which his attached hereto and incorporated herein by express reference.

Respectfully submitted,

*/s/ Eric C. Nemecek*
ERIC C. NEMECEK (0083195)
Counsel for Defendant-Appellant
Friedman & Nemecek, L.L.C.
1360 E. 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Withdraw was filed on this 14th day of April, 2022 by CM/ECF, which will send a notification of electronic filing (NEF) to the Assistant United States Attorney. A copy has also been delivered to Defendant-Appellant Joshua Glowacki, Inmate I.D. 0067961, c/o Mahoning County Jail, 110 Fifth Avenue, Youngstown, Ohio, 44503

                                          Respectfully submitted,

                                          */s/ Eric C. Nemecek*
                                          ERIC C. NEMECEK
                                          Counsel for Defendant-Appellant

## MEMORANDUM IN SUPPORT

I.   **LAW AND ARGUMENT**

   **1. Counsel should be permitted to withdraw from further representation in this matter.**

The Sixth Circuit Rules of Appellate Procedure contain a general mandate that trial counsel continue its representation of a Defendant-Appellant unless specifically relieved by the Court. Sixth Circuit Rules 12(c)(4)(A) and (D) address the procedures by which an attorney may withdraw from representation of a client and provides, in pertinent part:

> (c)(4) **Withdrawal of Appellate Counsel.** A motion to withdraw as counsel on appeal in a criminal case must state reasons and be accompanied by one of the following:
>
> (A) Proof that new counsel has been retained to represent the defendant, including a signed appearance by new counsel. **If the defendant is indigent and seeks appointment of counsel pursuant to the Criminal Justice Act application must first be made to the district court for leave for the defendant to proceed in forma pauperis.**
>
> . . . .
>
> (D) a detailed statement of reasons why it would be unethical, unfair, or unreasonable to require counsel to continue to represent defendant, and – in addition to service otherwise required – proof that counsel served the following on the defendant:

- a copy of the motion, including this statement; and

- notice that the defendant has 14 days from service of the motion to file a response.

*See* 6 Cir. R. 12(c)(4).[1] As this excerpt indicates, counsel may withdraw if continued representation would be unreasonable in light of the facts or circumstances of the case so long as counsel has first filed for leave of the defendant to proceed *in forma pauperis*.

Undersigned counsel filed a Motion for Leave to Appeal *In Forma Pauperis* on March 31, 2022. (ECF No. 62.) On April 5, 2022, the district court grated said Motion. (ECF No. 63.) At this time, continued representation in the matter *sub judice* would be unreasonable for several reasons. First, counsel's representation of Mr. Glowacki – as contemplated and agreed upon by the parties – has effectively concluded. Mr. Glowacki did not retain the undersigned for purposes of appellate representation. Rather, counsel filed a Notice of Appeal at Mr. Glowacki's request in an effort to preserve his appellate rights. (ECF No. 61.) Further, Mr. Glowacki has informed counsel that he is unable to retain this firm to represent him in this appeal and requested that counsel file a Motion for Leave to Appeal *In Forma*

---

[1] A copy of the instant Motion has been mailed to Mr. Glowacki along with a letter explaining his rights, including the right to file a response within fourteen (14) days of receiving the Motion. A copy of that letter is attached hereto as Exhibit "A" and incorporated herein by express reference.

*Pauperis*. (ECF No. 62.) Because the undersigned does not represent Mr. Glowacki in these proceedings, withdrawal is appropriate.

Likewise, refusal to allow withdrawal at this juncture would impose a substantial financial burden on the undersigned. Rule 1.16 of the Ohio Rules of Professional Conduct, which discusses the termination of the lawyer-client relationship, permits an attorney to withdraw from a case where the lawyer's continued representation will result in an unreasonable financial burden on the lawyer, or the lawyer is discharged. Moreover, continued representation despite the termination creates an untenable position for both undersigned counsel and the Defendant-Appellant.

## II. CONCLUSION

Because the appeal is beyond the scope of the representation that was agreed upon, and in light of the District Court's Order permitting Appellant to proceed *in forma pauperis*, counsel respectfully submits that withdrawal is appropriate at this juncture. Moreover, Appellant respectfully requests a continuance of all current briefing deadlines so that counsel can be formally appointed and have sufficient time to prepare the necessary filings. Lastly, in light of Mr. Glowacki's indigence, the undersigned asks that counsel be assigned to represent Mr. Glowacki in this appeal.

**WHEREFORE**, undersigned counsel, Eric C. Nemecek, of the law firm of Friedman & Nemecek, L.L.C., hereby respectfully moves for an Order permitting counsel to withdraw from the representation of Mr. Glowacki based upon the above-referenced circumstances and legal authority. The undersigned further requests that this Honorable Court appoint an attorney to represent Mr. Glowacki and continue the current briefing schedule so as to permit new counsel sufficient time to adequately prepare the necessary Brief(s).

Respectfully submitted,

*/s/ Eric C. Nemecek*
ERIC C. NEMECEK (0083195)
Counsel for Defendant-Appellant
Friedman & Nemecek, L.L.C.
1360 E. 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com



THE IMG CENTER
1360 EAST 9TH STREET, SUITE 650
CLEVELAND, OHIO 44114
TELEPHONE 216.928.7700
WWW.FANLEGAL.COM

Eric C. Nemecek, Esq.
ecn@fanlegal.com

April 14, 2022

**ATTORNEY-CLIENT PRIVILEGED**
Joshua Glowacki
Inmate No. 0067961
Mahoning County Jail
110 Fifth St.
Youngstown, Ohio

    *Re:    Appeal*

Josh,

    I hope this correspondence finds you well. At your request, our office filed a Notice of Appeal with the District Court to preserve your appellate rights. We also filed a request that you be permitted to proceed in forma pauperis (*i.e.*, waiving the costs/fees associated with the appeal). The District Court granted said request on or about April 5, 2022.

    As you are aware, this appeal is beyond the scope of our agreed-upon representation. Per our previous discussions, you have indicated that you are indigent and thus unable to retain this firm to represent you in this appeal. Accordingly, we have prepared a Motion to Withdraw as Counsel, a copy of which is enclosed herein for your review. Assuming that the Court grants the request and finds you indigent, counsel will be appointed to represent you on the appeal. Pursuant to Rule 12(c)(4) of the Sixth Circuit Rules of Appellate Procedure, please allow this letter to serve as an advisement that you have fourteen (14) days from the service of the aforementioned Motion to file a response.

    Please let me know if you have any questions or need anything else at this time.

                                                Very truly yours,

                                                Eric C. Nemecek, Esq.

*cc: file*
***Enclosure(s)***



DEFENDANT'S EXHIBIT A