No. 22-3279

IN THE

**UNITED STATES COURT OF APPEALS**

FOR THE SIXTH CIRCUIT

———

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSHUA GLOWACKI,

*Defendant-Appellant.*

**On Appeal from the United States District Court
for the Northern District of Ohio (Eastern Division)**

District Court Case No.1:21-cr-258
Honorable John R. Adams, United States District Judge

BRIEF OF DEFENDANT-APPELLANT

KENNETH P. TABLEMAN

KENNETH P. TABLEMAN, P.C.
Attorney for Appellant
71 Maryland Avenue, S.E.
Grand Rapids, Michigan 49506-1819
(616) 233-0455

*ORAL ARGUMENT REQUESTED*

## TABLE OF CONTENTS

Page No.

TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES. . . . . . . . . . iii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION. . . 2

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.      The affidavit for search warrant did not establish probable cause
        because it said that Glowacki sent bitcoin to an address associated
        with a website that contained child pornography, not that Glowacki
        accessed the site or downloaded material from the site. Without
        probable cause the search was unreasonable and the district court
        should have suppressed the evidence found on Glowacki's cell phone
        .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        1. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2. Discussion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.      Sending bitcoin to a site associated with a site that sells child
                pornography does not establish probable cause that the sender
                possessed child pornography. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.      The good faith exception should not apply to the warrant. . . . . . . . 13

II.   The Court should vacate the $10,000 restitution award because the district court abused its discretion by failing to determine Glowacki's relative role in causing the victim's losses and failing to explain the award, and a jury did not find facts to support the award... . . . . . . . . . . . . 13

1. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

2. Discussion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

A.   The court did not determine Glowacki's role in causing the victim's losses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

B.   The court did not adequately explain the award. . . . . . . . . . . . . . . 21

C.   A jury should have determined the victim's losses. . . . . . . . . . . . . 21

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

ADDENDUM DESIGNATING RELEVANT DISTRICT COURT DOCUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

**Cases**

*Blakely v.Washington*, 542 U.S. 296 (2004)................................ 22

*Franks v. Delaware*, 438 U.S. 154 (1978). ............................... 8

*Hester v. United States*, 139 S. Ct. 509 (2019)......................... 21, 22

*Hill v. California*, 401 U.S. 797 (1971). ................................ 7

*Illinois v. Gates*, 462 U.S. 213 (1983)................................... 7

*Paroline v United States*, 572 U.S. 434 (2014)........................ passim

*Salmi v. Sec'y of Health and Human Serv.*, 774 F.2d 685 (6th Cir. 1985)....... 22

*United States v. Allen,* 211 F.3d 970 (6th Cir. 2000). ...................... 6

*United States v. Coreas*, 419 F.3d 151 (2nd. Cir. 2005).................... 12

*United States v. Dillard*, 891 F.3d 151 (4th Cir. 2018). ................... 20

*United States v. Falso*, 544 F.2d 110 (2nd. Cir. 2008).................... 12

*United States v. Frechette*, 583 F.3d 374 (6th Cir. 2009)................... 11

*United States v. Gamble*, 709 F.3d 541 (6th Cir. 2013). ................... 20

*United States v. Jones*, 747 F. App'x 348 (6th Cir. 2018). ................. 14

*United States, v. Leon*, 468 U.S. 897 (1984)................................ 8

*United States v. Lloyd,* No. 5:18-cr-336, 2020 U.S. Dist. LEXIS 12605 (N.D. Ohio, July 17, 2020). ................................................... 20

*United States v. Mombasseri*, 764 F. App'x 549 (6th Cir. 2019)............. 21

*United States v. Mombasseri*, 828 F. App'x 278 (6th Cir. 2020). . . . . . . . . . . . . 14

*United States v. Paull*, 551 F.3d 516 (6th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Rothenberg*, 923 F.3d 1309 (11th Cir. 2019). . . . . . . . . . . . 14, 19

*United States v. Sainz*, 827 F.3d 602 (7th Cir. 2016). . . . . . . . . . . . . . . . . . . . . 20

*United States v. Sanders*, No. 16-cr-0513, 2018 U.S. Dist. LEXIS 231358 (E.D. Penn., August 27, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Sawyer*, 825 F.3d 287 (6th Cir. 2016). . . . . . . . . . . . . . . . . . . 22

*United States v. Shepard*, 922 F.3d 753 (6th Cir. 2019).. . . . . . . . . . . . . . . . . . 17

*United States v. Wagers,* 452 F.3d 534 (6th Cir. 2006). . . . . . . . . . . . . . . . . . . . 13

*Warden v. Hayden*, 387 U.S. 294 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes**

18 U.S.C. § 2252(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

18 U.S.C. § 2252A(a)(5)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 2259. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 2259(b)(2)(A-B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

18 U.S.C. § 3014. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Other**

Fed. R. App. P. 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed R. App. P. 32(a)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Fed. R. App. P. 32(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Fed. R. App. P. 32(a)(7)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Fed. R. App. P. 32(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Sixth Cir. R. 30(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

USSG § 2G2.2(b)(7). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## INTRODUCTION

In this direct appeal Joshua Glowacki appeals his conviction and sentence after pleading guilty to receipt of a visual depiction of a minor engaged in sexually explicit conduct, contrary to 18 U.S.C. § 2252(a)(2).

Glowacki challenges the district court's rulings denying his motion to suppress evidence obtained under a search warrant and awarding one victim $10,000 in restitution.

He says the affidavit for search warrant did not say that he had downloaded child pornography or accessed a child pornography website, so it lacked probable cause. The district court should have granted the motion to suppress. The Court should vacate his conviction and sentence and order a new trial.

In the alternative, the Court must vacate the restitution award because the district court did not determine Glowacki's relative role in causing the victim's losses, as the statute requires, nor did the court explain how it determined the award. The award also suffers from another flaw — it exceeds the maximum amount the court could impose without a jury's findings.

## STATEMENT REGARDING ORAL ARGUMENT

Glowacki asks for oral argument. Oral argument will help the Court justly decide this appeal and give the Court the chance to discuss the case with counsel.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is a direct appeal from a final judgment of the district court in a criminal case. The district court had jurisdiction over the case because the indictment alleged that Glowacki violated laws of the United States. 18 U.S.C. § 3231. This Court has jurisdiction over final judgments of the district courts. 28 U.S.C. §1291.

The judgment was filed on March 25, 2022. (Judgment, R. 59, Page ID # 392–99). Glowacki filed his notice of appeal on the same day, within the 14-day time limit set out in Fed. R. App. P. 4. (Notice of Appeal, R. 61, Page ID # 405.

<u>STATEMENT OF THE ISSUES</u>

I.    Did statements in an affidavit for a search warrant that
      Glowacki sent bitcoin to an address associated with a website
      that advertised child pornography establish probable cause
      when there was no allegation that Glowacki accessed the site or
      downloaded material from the site?

II.   Should the Court vacate the $10,000 restitution award when the
      district court failed to determine Glowacki's role in causing the
      victim's losses, did not explain how it determined the award,
      and a jury did not find facts to support the award?

## STATEMENT OF THE CASE

Officers executing a search warrant seized Glowacki's cell phone and on it they found three images of child pornography and nine images assessed as child pornography/age difficult. (Presentence Report ("PSR"), R. 50, Page ID # 326). The government charged Glowacki with two crimes: (1) receipt of visual depictions of real minors engaged in sexually explicit conduct, contrary to 18 U.S.C. § 2252(a)(2) (Count 1), and (2) possession of child pornography, contrary to 18 U.S.C. § 2252A(a)(5)(B) (Count 2). (Indictment, R. 20, Page ID # 105–09).

Glowacki moved to suppress the evidence and for a *Franks* hearing. (Motion to Suppress, R. 37, Page ID # 171–95). When the district court denied the motion, Glowacki pled guilty to Count 1. (Order, R. 45, Page ID # 280–88, Guilty Plea Tr., R. 70, Page ID # 478). The government agreed to dismiss Count 2 at sentencing.  (Plea Agreement, R. 47, Page ID # 292).

In  a written plea agreement Glowacki admitted that he possessed the images on his cell phone between December 24, 2019 and March 23, 2021, and that on May 21, 2019, he was convicted of child pornography offenses in Ohio. (*Id*., Page ID # 296).

Glowacki waived his right to appeal, but reserved the right to appeal the denial of his motion to suppress and for a *Franks* hearing, the right to appeal any

4

punishment in excess of the statutory maximum, or that exceeded the maximum of the sentencing range according to the Sentencing Guidelines. He also reserved the right to assert claims of ineffective assistance of counsel or prosecutorial misconduct. (*Id.*, Page ID # 295–96).

The district court sentenced Glowacki to serve 180 months in prison and, over Glowacki's objection, ordered him to pay $10,000 in restitution to one victim who was identified in the images found on Glowacki's cell phone. (Sentencing Tr., R. 69, Page ID # 455–56).

Glowacki appealed.

Further reference to the record appears in the Argument portion of this Brief.

## SUMMARY OF THE ARGUMENT

The affidavit for search warrant did not establish probable cause to search Glowacki's home and cell phone when it failed to say that Glowacki had downloaded child pornography from the Target URL website. The statement that Glowacki sent bitcoin to a site associated with Target URL was not sufficient to support a reasonable inference that Glowacki possessed child pornography.

In addition, the district court's $10,000 award of restitution to one victim was improper because the district court did not explain how it assessed

Glowacki's relative role in causing the victim's losses. The court did not consider the factors set forth in the restitution statute and in the Supreme Court's decision in *Paroline v United States*, 572 U.S. 434 (2014). In addition, the Constitution requires that juries, not judges, determine restitution beyond a reasonable doubt.

The Court should reverse the district court's suppression ruling and order the suppression of the evidence found on Glowacki's cell phone. It should vacate Glowacki's conviction and sentence and order a new trial. In the alternative, the Court should vacate the restitution award and remand the case for further proceedings.

## ARGUMENT

I.    The affidavit for search warrant did not establish probable cause because it said that Glowacki sent bitcoin to an address associated with a website that contained child pornography, not that Glowacki accessed the site or downloaded material from the site. Without probable cause, the search was unreasonable and the district court should have suppressed the evidence found on Glowacki's cell phone.

1. Standard of Review.

This Court reviews an issuing magistrate's determination of probable cause deferentially and will reverse the decision to issue a search warrant only if it was exercised arbitrarily. *United States v. Allen,* 211 F.3d 970, 973 (6th Cir. 2000) (en banc). "[S]o long as the magistrate had a substantial basis for concluding that a

search warrant would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (quotation and citation omitted).

2. Discussion.

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. It requires that search warrants only issue upon a showing of probable cause to believe that the object of a search is located in a particular place. Probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment. *Hill v. California*, 401 U.S. 797, 804 (1971). In addition, there must be a nexus between the item to be seized and criminal behavior. *Warden v. Hayden*, 387 U.S. 294, 307 (1967).

The court determines probable cause from the totality of the circumstances. *Illinois v. Gates*, 462 U.S. at 217, 238. Probable cause to search exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. at 238.

To deter police misconduct, the exclusionary rule bars the introduction of evidence obtained in violation of the Fourth Amendment at criminal trials. *Warden v. Hayden,* 387 U.S. at 304–05. However, if officers reasonably rely in good faith on the magistrate's determination that the warrant was supported by probable

7

cause, the court will not suppress the evidence.  *United States v. Leon*, 468 U.S. 897, 905 (1984).

The good faith exception does not apply if the warrant is based on a deliberately or recklessly false affidavit, *Franks v. Delaware*, 438 U.S. 154, 155–56, 171–72 (1978), or based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *United States v. Leon*, 468 U.S. at 923. Likewise, an officer cannot obtain a warrant based on a "bare bones" affidavit and then rely on colleagues who are ignorant of the circumstances under which the warrant was obtained to conduct the search. *United States v. Leon*, 468 U.S. at 923 n. 24.

    A.  Sending bitcoin to a site associated with a site that sells child pornography does not establish probable cause that the sender possessed child pornography.

Here, the agent's sworn affidavit in support of her application for a search warrant was made on March 19, 2021.  The affidavit said that Glowacki had registered a bitcoin account with Coinbase and provided his email address, telephone number, and driver's license. (Affidavit, R. 37-3, Page ID # 224–25). The affidavit said that on December 24, 2019, Glowacki's Coinbase account sent two payments to a bitcoin address (BTC)  associated to a dark web site described

as Target URL.[1] (*Id.*, ¶ 26,Page ID # 225). When the affiant visited Target URL on October 27, 2020, it advertised itself as providing child porn. (*Id.*, ¶ 30, Page ID # 226–27).

Target URL said that if paid $15 it would send information on how to access the site by email.  (*Id.*, Page ID # 225–26).  When the affiant visited the site she found images of child pornography.  (*Id.*).  But the affidavit does not say that Glowacki ever received any email from Target URL after making the two small bitcoin transfers.

Glowacki's payments did not match the advertised amount of $15.

 The affidavit does not say what Target URL looked like in December 2019, when Glowacki allegedly sent bitcon to BTC.  And in October 2020, Target URL used a different bitcoin address than the one Glowacki used in December 2019. (*Id.*, ¶ 30 f, Page ID #227).

Glowacki attacked the warrant on several grounds.  He said the affidavit was stale, that the officer omitted information material to determining probable cause, that there was no showing of a nexus between Glowacki's home and the evidence sought, and that the affidavit did not establish probable cause.

The district court rejected these arguments.  It said that the affidavit

---

[1]The payments totaled $36.55. (Motion to Suppress, R. 37, Page ID # 179).

sufficiently established probable cause because it showed that Glowacki, a convicted sex offender, had sent payment to a website that supplied child pornography.  The district court did not find it important or material that the officer omitted the information that Glowacki never received an email from Target URL after making the bitcoin payments. (Order, R. 45, Page ID # 283–84).

The district court concluded:

> Glowacki transferred crypto currency to a BTC Address that was associated with a child pornography website on the dark web. Glowacki took these steps *after* becoming a convicted sex offender and *while* still on probation for that conviction. It defies logic to suggest that Glowacki took these steps and transferred money to the BTC Address and did not access the Target URL.

(*Id.*, Page ID # 287).

The district court's determination that probable cause existed was wrong. This Court should reverse the order denying the motion to suppress the evidence.

Although the affidavit related that the BTC address was associated with Target URL and that when the officer visited Target URL it offered child pornography, there was no showing that when Glowacki made the payments that Target URL offered child pornography.  (Affidavit, R. 37-3, ¶¶ 27–29, Page ID # 225–26). The bitcoin address the officer used was not the same address Glowacki used. (*Id*., ¶ 30 f., Page ID # 227).

This is not a staleness argument. Staleness rarely, if ever, applies in child

10

pornography cases involving digital images because people who download such images often keep them on their devices for a long time. *United States v. Frechette*, 583 F.3d 374, 378 (6th Cir. 2009).

It is an argument that even if one accepts the inference that Target URL offered child pornography when Glowacki sent bitcoin to BTC, nothing showed that Target URL got the bitcoin or that Target URL ever gave Glowacki access to its site. (Affidavit, R. 37-3, ¶ 28, Page ID # 226).

Nothing in the affidavit said that Glowacki subscribed to Target URL, visited Target URL, or downloaded, kept, or otherwise possessed material that came from Target URL, although the affidavit did say that his e-mail address was accessed from an IP address associated with Target URL between November 9, 2020, and January 2, 2021. (*Id*., ¶¶ 34–5, Page ID #228–29)[2]

The lack of statements in the affidavit that Glowacki ever accessed Target URL or ever sent an email to Target URL, or ever downloaded anything from Target URL is fatal to the sufficiency of the affidavit.

In a case like Glowacki's, the Second Circuit held that an affidavit for a

---

[2]This was 10–12 months after the bitcoin sent on December 24, 2019.

Plus, according to Glowacki's motion to suppress, Target URL was not the only site associated with the BTC address. The officer making the affidavit had a report showing that the address was associated with two other pornography sites, as well as with Target URL. (Motion Exhibit A, FBI Report, R. 37-1, Page ID # 196–201).

search warrant did not establish probable cause when there were no allegations that the suspect had gained access to the child pornography website or that he was a member and subscriber to any child pornography site. *United States v. Falso*, 544 F.2d 110, 124 (2nd. Cir. 2008). The affidavit in *Falso* said that Falso "either gained access or attempted to gain access to the [non-member website]" containing child pornography. *United States v. Falso*, 544 F.2d at 114. The evidence was that Falso's email address was present on the prohibited website. (*Id.,* at 115). The Court said that even if the affidavit could lead to the inference that Falso accessed the website, without information that he accessed, viewed, or downloaded child pornography, there was not sufficient information to support a finding of probable cause.

This Court should conclude that sending bitcoin to a site associated with a child pornography site is not enough to establish probable cause, without any claim of access or downloading, just as clicking on a button for a website, alone, does not establish probable cause. *See United States v. Coreas*, 419 F.3d 151, 156 (2nd. Cir. 2005). Nor should receiving an e-mail from a website establish probable cause.

B.  The good faith exception should not apply to the warrant.

No reasonable officer could rely on the affidavit here because of the missing

links—no subscription to the illicit website, no visiting the site, no downloading from the site.

The search warrant affidavits that this Court has upheld all said more than the affidavit here. In *United States v. Paull*, 551 F.3d 516 (6th Cir. 2009), the affidavit said the defendant subscribed to a child pornography site 13 months earlier. In *United States v. Wagers,* 452 F.3d 534, 540 (6th Cir. 2006), the affidavit included evidence that the defendant had visited or subscribed to websites containing child pornography.

Here, there was none of that. Without the crucial links of access to the site, visiting the site, or downloading from the site, it was unreasonable to rely on the affidavit to support the search warrant.

The Court should reverse the district court 's order and enter an order suppressing the evidence.

II.   The Court should vacate the $10,000 restitution award because the district court abused its discretion by failing to determine Glowacki's relative role in causing the victim's losses and failing to explain the award and a jury did not find facts to support the award.

1. Standard of Review.

The Eleventh Circuit has described the standard of review of restitution orders in child pornography cases as follows:

> We review *de novo* the legality of a restitution order, but review for clear error the factual findings underlying that order. We review the amount of the district court's restitution order only for an abuse of discretion. . . .
>
> A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous findings of facts. The abuse of discretion standard recognizes that the district court has a range of choices, and this Court will not reverse the district court's choice as long as its decision does not amount to a clear error of judgment.

*United States v. Rothenberg*, 923 F.3d 1309, 1327 (11th Cir. 2019) (citations omitted).

Similarly, this Court reviews a restitution award for an abuse of discretion and will reverse an award when it is left with a "definite and firm conviction that the [district] court committed a clear error of judgment." *United States v. Mombasseri*, 828 F. App'x 278, 279–80 (6th Cir. 2020) (citations omitted).

The court must explain how it arrived at the award. *United States v. Jones*, 747 F. App'x 348 (6th Cir. 2018) (stating that a district court's analysis when awarding restitution under 18 U.S.C. § 2259 "cannot be entirely opaque").

2. Discussion.

A. The court did not determine Glowacki's role in causing the victim's losses.

The district court ignored its obligations under the statute and under *Paroline* when it awarded the victim "Lily" $10,000.

14

The victim, "Lily," asked for $10,000. She said that, exclusive of attorney fees, she had damages of $6,008,536.29 for medical costs, future counseling expenses, educational and vocational counseling, lost part-time income, lost past and future earnings, and expenses paid out-of-pocket. (PSR, R. 50, ¶¶ 17–18, Page ID # 327). There were 1,579 orders of restitution already entered for the victim. (*Id.*, ¶19).

No one disputed her damages, but the district court failed to make any findings as to a proportionate share that Glowacki should pay. The district court did not consider Glowacki's relative role, and it applied the analysis required under the Justice for Victims of Trafficking Act of 2015 ("JVTA"), 18 U.S.C. § 3014, not the analysis required under the restitution statute, 18 U.S.C. § 2259.

In cases involving child pornography the statute says that the court "shall" order restitution. The court must determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim and order restitution in the amount that reflects the defendant's relative role in causing the victim's losses, but not less than $3000. 18 U.S.C. § 2259(b)(2)(A-B).

The statute says:

(2) Restitution for Trafficking in Child Pornography—If the defendant was convicted of trafficking in child pornography, the court shall order restitution under this section in an amount to be determined by the court as follows:

15

(A) Determining the full amount of a victim's losses:
The court shall determine the full amount of the victim's losses that
were incurred or are reasonably projected to be incurred by the victim
as a result of the trafficking in child pornography depicting the
victim.

(B) Determining a restitution amount:
After completing the determination required under subparagraph (A),
the court shall order restitution in an amount that reflects the
defendant's relative role in the causal process that underlies the
victim's losses, but which is no less than $3,000.

18 U.S.C. § 2259(b)(2)(A-B)

Factors that the district court should consider include the number of past

criminal defendants found to have contributed to the victim's general losses,

reasonable predictions of the number of future offenders likely to be caught and

convicted for crimes contributing to the victim's general losses, any available and

reasonably reliable estimate of the broader number of offenders involved (many of

whom will never be caught or convicted), if the defendant reproduced or

distributed images of the victim, if the defendant had any connection to the initial

production of the images, how many images of the victim the defendant possessed,

and any other factors that might be relevant to the defendant's relative causal role.

*Paroline v. United States*, 572 U.S. at 459–60.

The Court said the district court must award more than "token or nominal"

damages, but did not require a specific amount. *Id.*, at 459. The $3,000 statutory

minimum award was added after *Paroline*.

Glowacki objected that there was not enough evidence to show proximate cause and to justify the requested award. (Sentencing Tr., R. 69, Page ID # 422). He had not made a written objection because the restitution request was received by the probation department after the first PSR had been disclosed. (*Id.*). He asked the court to award the statutory minimum award of $3,000. (*Id.,* Page ID # 423).

In response, the government said that $10,000 was a small percentage of the victim's damages and was justified by her filing. (*Id.*, Page ID # 423).

The court did not analyze Glowacki's relative role in the victim's damages, but talked about his indigence, level of education, and ability to earn money in the future. (*Id.,* Page ID # 423–424). These are factors courts consider when awarding a special assessment under the JVTA.[3] *United States v. Shepard*, 922 F.3d 753 (6th Cir. 2019).

The district court also misunderstood the value of the bitcoin Glowacki sent to BTC.  The court thought Glowacki sent $12,000.  (*Id.,* Page ID # 424, 448–49). But that amount was the total value of all the bitcoin that was sent to the BTC

---

[3]The PSR said that the $5,000 JVTA special assessment applied to non-indigent persons. Glowacki filed a written objection to the assessment, saying that he was indigent and faced a mandatory sentence. (See PSR, R. 50, p. 18, ¶ 74, Page ID # 339, and p. 24, Page ID # 345). The court noted the objection, but did not rule on it or order a JVTA assessment. (Sentencing Tr., R. Page ID # 421, R. 59, Judgment, Page ID # 398).

address, not the amount that Glowacki sent.  The government did not dispute that

he had sent a total of $36.56. (See Gov't Brief in Opposition, R. 38, Page ID #

237, 241).  Glowacki had provided the court and the government with Coinbase

records showing the two small payments that he made.  (Motion to Suppress, R.

37, Page ID # 178–179).

In addition, there was some confusion about how many images of Lily

Glowacki possessed.  The court said, "We have identified that one of the images

contained an identifiable victim . . . ." (Sentencing Tr., R. 69, Page ID # 424). But

twice Glowacki said there were nine images. (*Id.,* Page ID # 422, 427).

Glowacki repeatedly tried to get the court to follow *Paroline* and the

restitution statute, without success.  (See Sentencing Tr., R. 69, Page ID # 422–23,

426–428, 430).  The court's conclusion shows the flaws in its analysis:

> I guess I am just struggling with the idea that Mr. Glowacki's conduct
> here in viewing these pictures, you know, he is paying to view them
> by the by.  I don't know how much he's paid, but he is paying to view
> them. But yet, you, as his counsel, are arguing that $10,000 is just
> way too much for this conduct to reimburse this victim for what she
> suffered, including suffered at the hands of your client by the by.
>
> I guess we'll just have to agree to disagree.  I think $10,000 is kind of
> nominal, bluntly given his age, given how young he is, and when he
> will be released in 15 or 20 years or what have you. . . .

(*Id.,* Page ID # 430–31).

18

The district court suggested that if Glowacki disputed the $10,000 figure recommended by the probation department he was not accepting responsibility or showing remorse and was minimizing the victim's losses. (*Id.*, R. 69, Page ID # 425–431).

But only one of 12 child pornography images found on Glowacki's cell phone was an image of the victim, according to the court. There was no claim that Glowacki distributed images of the victim, or that he had any connection with producing the image. Nor was there any proof of how many different images of the victim exist. There was no information about how many offenders viewed her images, nor was there any prediction of the number of future offenders likely to be caught and convicted of crimes relating to the victim's images. (PSR, R. 50, ¶¶ 17–20, Page ID # 327, ¶ 77, Page ID # 339). There was no evidence of what was requested or awarded for the other 1,579 orders, or how much had been already paid.

And the district court did not consider the possible difference in losses caused by those who distributed the images, those who only possessed them, and those who created them. Some courts have held after *Paroline* that the district court must do such disaggregation. *United States v. Rothenberg*, 923 F.3d at 1328–33 (collecting cases).

19

Other courts have approved other methods to determine the defendant's restitution. *United States v. Dillard*, 891 F.3d 151, 162 (4th Cir. 2018) (collecting cases). For example, the 1/n method takes the number of possessors ordered to pay restitution and divides that number into the general losses. *United States v. Sainz*, 827 F.3d 602, 604–05 (7th Cir. 2016).[4]

One court started with the $3,000 baseline award from the statute and then adjusted the award based on the number of images the defendant possessed of the victim, following the format of USSG § 2G2.2(b)(7), which adds to the offense level score based on the number of images. *United States v. Lloyd,* No. 5:18-cr-336, 2020 U.S. Dist. LEXIS 12605 at * 6–11 (N.D. Ohio, July 17, 2020). Another court declined to increase the award based on number of images possessed, but conducted a searching examination of the victims' damages claims. *United States v. Sanders*, No. 16-cr-0513, 2018 U.S. Dist. LEXIS 231358 (E.D. Penn., August 27, 2018).

This Court should hold that the district court did not follow the law in determining restitution.

B. The court did not adequately explain the award.

---

[4]Before *Paroline* this Court approved this method. *United States v. Gamble*, 709 F.3d 541 (6th Cir. 2013).

A district court's failure to give an explanation for the amount of restitution it has ordered is plain error because the error deprives the defendant of his substantial right to meaningful appellate review, affecting the fairness, integrity, and public reputation of judicial proceedings. *United States v. Mombasseri*, 764 F. App'x 549, 550 (6th Cir. 2109).

Here, there is no way for the Court to review the award because the district court did not show how it considered Glowacki's relative role in the victim's damages. Just saying that the victim suffered great losses does not explain why $10,000 properly accounts for Glowack's role.

C. A jury should have determined the victim's losses.

For the reasons expressed by Justice Gorsuch in *Hester v. United States*, 139 S. Ct. 509, 510 (2019) (dissenting from denial of petition for certiori), the restitution award violated Glowacki's constitutional right to trial by a jury. Justice Gorsuch reasoned that since restitution is a criminal penalty, that the Sixth Amendment jury trial right that applies to proof of a crime and proof of fines should also apply to restitution. (*Id.*) (noting circuit court cases that have questioned why the right to a jury trial does not apply to restitution).

This Court, however, has repeatedly held that judges, not juries, can determine restitution, and that a criminal restitution award does not implicate the

21

right to trial by a jury because the right only applies to facts that affect the statutory maximum penalty and the restitution statute spells out no maximum penalty. *United States v. Sawyer*, 825 F.3d 287, 297 (6th Cir. 2016).

But this Court's reasoning about the statutory maximum penalty is wrong. The term statutory maximum refers to the harshest sentence the law allows the court to impose based on facts a jury has found beyond a reasonable doubt or that a defendant has admitted. *Hester v. United States*, 139 S. Ct. at 509, *See Blakely v. Washington*, 542 U.S. 296, 303 (2004). The statutory maximum for restitution is zero because a court can't award restitution without finding additional facts about the victim's losses. Thus, Glowacki had the right to have a jury find the facts to support the restitution award. *Hester v. United States*, 139 S. Ct. at 509.

Glowacki raises this issue to preserve it for further review. *Salmi v. Sec'y of Health and Human Serv.*, 774 F.2d 685, 689 (6th Cir. 1985) (holding that one panel of the Court may not overrule the prior decision of another panel, unless compelled to do so by an inconsistent Supreme Court decision or an en banc ruling of the Court).

## CONCLUSION

The Court should reverse the district court's order denying Glowacki's motion to suppress the evidence found on his cell phone, vacate his conviction and

sentence, and remand the case for a new trial.

If the Court affirms the district court's ruling on the motion to suppress, it should vacate the restitution award and remand the case for further proceedings in the district court.

Dated: August 1, 2022                              Respectfully submitted,


                                                   /s/Kenneth P. Tableman
                                                   Kenneth P. Tableman
                                                   Attorney for Defendant-Appellant

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
TYPE FACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limitation of Fed. R. App.

P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R.

App. P. 32(f), this document contains 5770 words.

2. This document complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it

has been prepared in a proportionally spaced typeface using Word Perfect (R)

Office-Version X6, Version16.0.0.429 in 14 point Times New Roman font.

Dated: August 1, 2022                    /s/Kenneth P. Tableman
                                         Kenneth P. Tableman


CERTIFICATE OF SERVICE

I certify that on August 1, 2022, I served a copy of this document on:

Michael A. Sullivan, Esq.
Assistant United States Attorney
*Attorney for Plaintiff-Appellee*
michael.a.sullivan@usdoj.gov

by filing with this Court's CM/ECF system.

                                         /s/Kenneth P. Tableman
                                         Kenneth P. Tableman


24

ADDENDUM DESIGNATING
RELEVANT DISTRICT COURT DOCUMENTS

Joshua Glowacki, Defendant-Appellant, as provided by Sixth Circuit Rule 30(b), designates the following relevant documents from the electronic record in the district court:

| Docket Entry No. | Document | Page ID# |
|---|---|---|
| 20 | Indictment | 105–06 |
| 37 | Motion to Suppress | 171– 95 |
| 37–1 | Motion Exhibit A, FBI Report | 196–201 |
| 37–2 | Motion Exhibit D, FD-302 | 202–05 |
| 37-3 | Motion Exhibit B, Search Warrrant Affidavit | 206–34 |
| 38 | Gov't Brief in Opposition | 235–46 |
| 40 | Defendant's Reply | 253–65 |
| 45 | Order | 280–88 |
| 47 | Plea Agreement | 290–300 |
| 50 | Presentence Investigation Report (Sealed) | 322–45 |
| 59 | Judgment | 392–99 |
| 61 | Notice of Appeal | 405 |
| 69 | Sentencing Transcript | 419–61 |
| 70 | Guilty Plea Transcript | 462–79 |