No. 22-3279

IN THE

**UNITED STATES COURT OF APPEALS**

FOR THE SIXTH CIRCUIT

——

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSHUA GLOWACKI

*Defendant-Appellant.*

**On Appeal from the United States District Court
for the Northern District of Ohio (Eastern Division)**

District Court Case No. 1-21-cr-258
Honorable John R. Adams, United States District Judge

REPLY BRIEF OF DEFENDANT-APPELLANT

KENNETH P. TABLEMAN

KENNETH P. TABLEMAN, P.C.
Attorney for Appellant
71 Maryland Avenue, SE
Grand Rapids, Michigan 49506-1819
(616) 233-0455

# TABLE OF CONTENTS

Page No.

TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES. . . . . . . . . . iii

REPLY ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    Glowacki's Plea Agreement Did not Validly Waive His
        Right to Appeal The Restitution Award. .. . . . . . . . . . . . . . . . . . . . . . 1

    II.   Because Glowacki Reserved The Right to Appeal a
        Sentence in Excess of The Statutory Maximum and
        Because He Did not Admit to Any Amount of
        Restitution, He Retained The Right to Appeal The
        District Court's Restitution Order.. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.  The District Court Failed to Assess Glowacki's Role in
        Causing The Victim's Damages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ii

TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

Cases:

*Apprendi v. United States*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Blakely v Washington*, 542 U.S. 296 124 S. Ct.  2531, 159 L. Ed. 2d 403 (2004).. 5

*Bradshaw v. Stumpf*, 545 U.S. 175 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Brady v. United States,* 397 U.S. 742 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Fitzpatrick v. Robinson*, 723 F.3d 624 (6th Cir. 2013).. . . . . . . . . . . . . . . . . . . . 2

*Hester v. United States*, Case No. 17-9082, 139 S. Ct. 509 (2019). . . . . . . . . . 4, 5

*In re Acosta*, 480 F.3d 421 (6th Cir. 2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Paroline v. United States*, 572 U.S. 434 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pasquantino v. United States*, 544 U.S. 349 (2005). . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Jones*, 747 F. App'x 348 (6th Cir. 2018). . . . . . . . . . . . . . . . . . 6

*United States v. Sawyer*, 825 F.3d 287 (6th Cir. 2016). . . . . . . . . . . . . . . . . . . . . 4

*United States v. Sosebee*, 419 F.3d 451 (6th Cir. 2005). . . . . . . . . . . . . . . . . . . . 4

*United States v. Welborn*, No. 21-5425, 2022 U.S. App. LEXIS 11710 (6th Cir., April 29, 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statutes:

18 U.S.C. § 2259(b)(2)(A)-(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 3014. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Other Authorities:

Fed. R. App. P. 32(a)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. App. P. 32(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. App. P. 32(a)(7)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. App. P. 32(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

REPLY ARGUMENTS

I.     Glowacki's Plea Agreement Did not Validly Waive His
       Right to Appeal The Restitution Award.

Glowacki's plea agreement contained a paragraph entitled Waiver of Appeal

and Post Conviction Attack.  In that paragraph he waived his right to challenge his

conviction and sentence but specifically reserved the right to appeal the Court's

order denying his motion to suppress and "any punishment in excess of the

statutory maximum." (Plea Agreement, R. 47, Page ID # 295). The plea agreement

said that the Court could impose restitution but gave no amount or even a range of

restitution.  (*Id.*, Page ID # 292).  Neither the factual basis in the plea agreement

nor the indictment gave an amount or range of amounts. (*Id.,* Page ID # 296).

Now the government says that Glowacki waived his right to appeal the

restitution order. The Court should not enforce the waiver because Glowacki did

not know the consequences of his waiver. That made it unknowing and its

enforcement unfair.

It was only well after Glowacki entered his plea that the victim "Lily" asked

the district court to order Glowacki to pay $10,000 toward her overall claimed

damages of more than $6,000,000.

A plea agreement is only valid when made "voluntarily, knowingly and

intelligently, 'with sufficient awareness of relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States,* 397 U.S. 742, 748 (1970)).  A defendant must "understand the nature of the charges against him and the consequences of pleading guilty, including the possible punishments and loss of other rights."  *Fitzpatrick v. Robinson*, 723 F.3d 624, 639 (6th Cir. 2013). These requirements also apply to a waiver of appeal that is part of a plea agreement. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

In deciding if a plea agreement is valid, courts consider all of the relevant circumstances surrounding the plea or waiver, including the possibility of a heavier sentence.  *Brady v. United States*, 397 U.S. at 749.

Here, although there is no showing that the government knew of "Lily's" claim when Glowacki pled guilty, the government knew or should have known that there was a process of identifying known victims and that known victims frequently assert claims for restitution.  Yet none of this was disclosed to Glowacki, nor was it discussed with him when he pled guilty.  How can a defendant make a voluntary, knowing, and intelligent plea when the amount of his restitution is not even discussed?

Compare the treatment of the restitution here with the treatment given to the

2

statutory penalties that Glowacki faced.  The plea agreement spelled out the

consequences of his conviction, specifying the maximum and minimum terms of

imprisonment, the maximum statutory fine, the minimum and maximum terms of

supervised release, and the special assessment of $100. It referred to the

possibility of an additional $5,000 special assessment under 18 U.S.C. § 3014.

(Plea Agreement, R. 47, Page ID # 291).

But even though the law says the court must impose restitution of at least

$3,000 if a victim comes forward, that consequence was not listed.

Perhaps the government did not know of "Lily's" claim when Glowacki

pled guilty, but surely it knew such claims were possible and did not tell him.  The

Court should find that this was unfair and makes Glowacki's plea invalid because

it was made without full knowledge of the consequences. *Cf. United States v.*

*Welborn*, No. 21-5425, 2022 U.S. App. LEXIS 11710 at * 25 (6th Cir., April 29,

2022) (Clay., J., concurring) (criticizing the government's seeking a sentence

based on information not in the indictment and not agreed to in the plea agreement

when the government failed to disclose methamphetamine purity until after the

defendant's guilty plea).

> II.  Because Glowacki Reserved The Right to
>      Appeal a Sentence in Excess of The
>      Statutory Maximum and Because He Did

3

> not Admit to Any Amount of Restitution,
> He Retained The Right to Appeal The
> District Court's Restitution Order.

In a line of cases that traces back to 2005, the Court has held that restitution does not affect a statutory maximum penalty; so that judges can determine restitution awards by a preponderance of the evidence and a jury is not required. *United States v. Sosebee*, 419 F.3d 451, 461 (6th Cir. 2005), *United States v. Sawyer*, 825 F.3d 287, 297 (6th Cir. 2016) (citing cases). But this reasoning ignores the Supreme Court's holding that restitution in a criminal case is a criminal penalty. *Pasquantino v. United States*, 544 U.S. 349, 365 (2005). Restitution is not divorced from a criminal prosecution, but is part and parcel of it. (See Brief for Respondent United States at 8, *Hester v. United States*, Case No. 17-9082, 139 S. Ct. 509 (2019).

As Justice Gorsuch observed in his dissent to denial of certiorari in *Hester*:

[T]he Sixth Amendment requires a jury to find any fact that triggers an increase in a defendant's "statutory maximum" sentence. *Apprendi v United States*, 530 U.S. 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435. Seizing on this language the government argues that the Sixth Amendment doesn't apply to restitution orders because of the amount of restitution is dictated only by the extent of the victim's loss and thus has no "statutory maximum." But the government's argument misunderstands the teaching of our cases. We've used the term "statutory maximum" to refer to the harshest sentence the law allows the court to impose based on facts the jury has found or the defendant has admitted. *Blakely v Washington*, 542 U.S. 296, 303, 124 S. Ct.

4

2531, 159 L. Ed. 2d 403 (2004).  In that sense, the statutory maximum for restitution is usually *zero,* because the court can't award *any* restitution without finding additional facts about the victim's loss. And just as a jury must find any facts necessary to authorize a steeper prison sentence or fine, it would seem to follow that a jury must find any facts necessary to support a (nonzero) restitution order.

*Hester v. United States*, 139 S. Ct. at 510 (Gorsuch, J., dissenting).

> III.    The District Court Failed to Assess Glowacki's Role in Causing The Victim's Damages.

The law says that when the district court awards restitution in child pornography cases it must determine "an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses . . ." 18 U.S.C. § 2259(b)(2)(A)-(B).

Here, the district court focused on the victim's enormous losses and ongoing suffering.  But no one disputed her damages. Glowacki only asked the district court to apply the law and it did not.

The court said:

> I guess I am just struggling with the idea that Mr. Glowacki's conduct here in viewing these pictures, you know, he is paying to view them by the by.  I don't know how much he's paid, but he is paying to view them. But yet, you, as his counsel, are arguing that $10,000 is just way too much for this conduct to reimburse this victim for what she suffered, including suffered at the hands of your client by the by.
>
> I guess we'll just have to agree to disagree.  I think $10,000 is kind of nominal, bluntly given his age, given how young he is, and when he

5

will be released in 15 or 20 years or what have you. . . .

(Sentencing Tr., R. 69, Page ID # 430–31).

Nothing in this analysis shows that the court considered Glowacki's relative role in causing the victim's damages. There was no analysis of the *Paroline* factors. *Paroline v. United States*, 572 U.S. 434 (2014).[1] Nor is this a case where the victim's claim analyzed the factors.

Just saying that a defendant possessed an image and that the victim has suffered enormous losses because many others have produced, distributed, and possessed her images does not tell us anything about how the court viewed Glowacki's "causal role" or how the court arrived at the $10,000 award.

The district court has great discretion in deciding restitution, but it must follow the law and its reasoning cannot be entirely opaque. *United States v. Jones*, 747 F. App'x 348, 360 (6th Cir. 2018). The court's focus on what Glowacki paid,

---

[1]Factors that the district court should consider include the number of past criminal defendants found to have contributed to the victim's general losses, reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses, any available and reasonably reliable estimate of the broader number of offenders involved (many of whom will never be caught or convicted), if the defendant reproduced or distributed images of the victim, if the defendant had any connection to the initial production of the images, how many images of the victim the defendant possessed, and any other factors that might be relevant to the defendant's relative causal role. *Paroline v. United States*, 572 U.S. at 459–60.

his youth, and his ability to pay shows that the court did not consider Glowacki's "causal role" in the victim's damages.

## CONCLUSION

Glowacki adopts and repeats the arguments he made in his opening brief about the invalidity of the search and seizure. For the reasons set forth in his opening brief the Court should vacate his conviction and sentence because it was a product of an unlawful search and seizure.

If the Court declines to vacate Glowacki's conviction, it should still vacate his sentence as to the restitution award because the district court did not determine Glowacki's relative role in causing the victim's losses, did not explain how it arrived at the award, and because a jury did not find facts to support the award.

Dated: September 29, 2022                    Respectfully submitted,

                                             /s/Kenneth P. Tableman
                                             Kenneth P. Tableman
                                             Attorney for Joshua Glowacki

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.  This document complies with the type-volume limitation of Fed. R.

App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by

Fed. R. App. P. 32(f), this document contains 2161 words.

2.  This document complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it

has been prepared in a proportionally spaced typeface using Word Perfect (R)

Office-Version X6, Version16.0.0.429 in 14 point Times New Roman font.

Dated: September 29, 2022          /s/Kenneth P. Tableman
                                   Kenneth P. Tableman


CERTIFICATE OF SERVICE

I certify that on September 29, 2022, I served a copy of this document on:


Michael A. Sullivan, Esq.
Assistant United States Attorney
*Attorney for Plaintiff-Appellee*
michael.a.sullivan@usdoj.gov

by filing with this Court's CM/ECF system.

                                   /s/Kenneth P. Tableman
                                   Kenneth P. Tableman